EMCASCO INSURANCE COMPANY, and
EMPLOYERS MUTUAL CASUALTY
COMPANY,

    **Plaintiffs,**

v.

No._____
**Judge:**_____

**SHRIJI, INC. OF CLEVELAND
d/b/a HOWARD JOHNSON INN,
CHRISTA A. DANSBY, individually
and d/b/a N'AWLINS, CHARLES
T. WESTON, and TYSON LEAMON,**

    **Defendants.**

## COMPLAINT FOR DECLARATORY JUDGMENT

Come now Plaintiffs, EMCASCO Insurance Company and Employers Mutual Casualty Company, and for their Complaint against Defendants Shriji Inc. of Cleveland d/b/a Howard Johnson Inn, Christa A. Dansby, individually and d/b/a N'Awlins, and Charles T. Weston, and state and show as follows:

1. Plaintiff EMCASCO Insurance Company ("EMCASCO") is an Iowa corporation with its principal place of business located in Des Moines, Iowa, and duly qualified to do business in Tennessee.

2. Plaintiff Employers Mutual Casualty Company is an Iowa corporation with its principal place of business located in Des Moines, Iowa and duly qualified to do business in Tennessee.

3. Defendant Shriji, Inc. of Cleveland is a Tennessee corporation that owns or operates, and is doing business as, a Howard Johnson hotel, with a principal place of business located at 2595 Georgetown Road NW, Cleveland, Tennessee 37311-3534. Said Defendant may be served with process through its registered agent for service, Narendra V. Patel at 2595 Georgetown Road NW, Cleveland, Tennessee 37311-3534.

4. Defendant Christa A. Dansby d/b/a N'Awlins is a bar or restaurant operating as a sole proprietorship under the laws of Tennessee, in Cleveland, Tennessee, and may be served with process through its sole proprietor, Christa A. Dansby at 2595 Georgetown Road NW, Cleveland, Tennessee 37311-3534.

5. Christa A. Dansby, individually, may be served with process at 2595 Georgetown Road NW, Cleveland, Tennessee 37311-3534.

6. Charles T. Weston is an individual who may be served with process at 3629 Whites Creek Pike, Nashville, Tennessee 37207.

7. Tyson Leamon is an individual who may be served with process at 118 County Road 72, Riceville, Tennessee 37370.

8. Plaintiffs bring this action for declaratory judgment pursuant to 28 U.S.C. §§ 2201-2202. This Court has jurisdiction to hear this cause pursuant to 28 U.S.C. § 1332 as it is between citizens of different states and the amount in controversy exceeds $75,000.00 exclusive of interests and costs.

9. This Court is the proper venue for this action pursuant to 28 U.S.C. § 1391, because it is the district in which a substantial part of the events giving rise to the claim occurred, in which most Defendants reside, and the place where the policies of insurance was issued.

10. Plaintiff EMCASCO issued its Commercial General Liability Policy of Insurance, policy number 4D6 48 85--17 (copy attached as **Exhibit A**), to "Howard Johnson Shriji, Inc. of Cleveland (DBA)" with effective dates of December 14, 2016 through December 14, 2017. This policy was in full force and effect at all times pertinent to this action.

11. Plaintiff Employers Mutual Casualty Company issued its Commercial Umbrella Policy, bearing policy number 4J6-48-85-17 (copy attached as **Exhibit B**), to "Howard Johnson Shriji, Inc. of Cleveland (DBA)" with effective dates of December 14, 2016 through December 14, 2017. This policy was in full force and effect at all times pertinent to this action.

12. On October 25, 2018, a Complaint for damages was filed in the Circuit Court of Bradley County, Tennessee by Defendant Tyson Leamon, seeking compensatory damages in the amount of $176,500.00 and punitive damages in the amount of $250,000.00 ("underlying complaint"). The Complaint bears the docket number V-18-588, and a copy is attached hereto as **Exhibit C**.

13. The allegations of the underlying complaint arise out of an incident wherein Charles T. Weston is alleged to have assaulted and battered Tyson Leamon on October 28, 2017 while they were business invitees on the premises of Shriji, Inc. of Cleveland d/b/a Howard Johnson Inn or Christa A. Dansby d/b/a N'Awlins.

14. The underlying complaint further alleges that Shriji, Inc. of Cleveland d/b/a Howard Johnson Inn improperly served alcohol to Charles T. Weston resulting in his intoxication and the ultimate assault and battery.

15. Defendant Shriji, Inc. of Cleveland d/b/a Howard Johnson Inn has demanded that Plaintiffs provide a defense and indemnity for the underlying complaint filed against it by Tyson Leamon, in the Circuit Court of Bradley County, Tennessee.

16. Plaintiffs are presently providing a defense to Defendant Shriji, Inc. of Cleveland d/b/a Howard Johnson Inn under reservation of rights and is now seeking a declaration from this Court with regard to its rights and obligations under the policies of insurance issued to Defendant Shriji, Inc. of Cleveland d/b/a Howard Johnson Inn.

17. Plaintiff EMCASCO contends and asserts that it has no duty under its Commercial General Liability Insurance Policy, policy number 4D6 48 85--17, to defend or indemnify Shriji, Inc. of Cleveland d/b/a Howard Johnson Inn under the facts alleged in the underlying complaint.

18. Plaintiff Employers Mutual Casualty Company contends and asserts that it has no duty under its Commercial Umbrella Policy, policy number 4J6-48-85-17, to defend or indemnify Shriji, Inc. of Cleveland d/b/a Howard Johnson Inn under the facts alleged in the underlying complaint.

19. Therefore, an actual, justiciable controversy exists relating to the legal rights and duties of the parties named herein.

20. Plaintiff EMCASCO's Commercial General Liability Policy states in pertinent part:

**COMMERCIAL GENERAL LIABILITY COVERAGE FORM**
…
**SECTION I – COVERAGES**
**COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**
1. **Insuring Agreement**
   a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:
      **(1)** The amount we will pay for damages is limited as described in Section **III** – Limits Of Insurance; and

**(2)** Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverage **A** or **B** or medical expenses under Coverage **C**.

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages **A** and **B**.

…

## SECTION V – DEFINITIONS[1]

…

**3.** "Bodily injury" means bodily injury, sickness or disease sustained by a person, including mental anguish or death resulting from bodily injury, sickness or disease.

...

**13.** "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

## AMENDMENT OF LIQUOR LIABILITY EXCLUSION

This endorsement modifies insurance provided under the following:
COMMERCIAL GENERAL LIABILITY COVERAGE PART

The following replaces Exclusion **c.** under Paragraph **2. Exclusions** of **Section I – Coverage A – Bodily Injury And Property Damage Liability:**

**2. Exclusions**
This insurance does not apply to:
**c. Liquor Liability**
"Bodily injury" or "property damage" for which any insured may be held liable by reason of:
**(1)** Causing or contributing to the intoxication of any person, including causing or contributing to the intoxication of any person because alcoholic beverages were permitted to be brought on your premises, for consumption on your premises;
**(2)** The furnishing of alcoholic beverages to a person under the legal drinking age or under the influence of alcohol; or
**(3)** Any statute, ordinance or regulation relating to the sale, gift, distribution or use of alcoholic beverages.

This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in:
**(a)** The supervision, hiring, employment, training or monitoring of others by that insured; or
**(b)** Providing or failing to provide transportation with respect to any person that may be under the influence of alcohol;
if the "occurrence" which caused the "bodily injury" or "property damage", involved that which is described in Paragraph **(1)**, **(2)** or **(3)** above.

---

[1] The definition of "bodily injury" included herein is set forth as amended in the General Liability Essential Extension Endorsement, form number CG7191(8-14).

5

This exclusion applies only if you:
**(1)** Manufacture, sell or distribute alcoholic beverages;
**(2)** Serve or furnish alcoholic beverages for a charge whether or not such activity:
  **(a)** Requires a license;
  **(b)** Is for the purpose of financial gain or livelihood;
**(3)** Serve or furnish alcoholic beverages without a charge, if a license is required for such activity; or
**(4)** Permit any person to bring any alcoholic beverages on your premises, for consumption on your premises.

21. Plaintiff Employers Mutual Casualty Company's Commercial Umbrella Policy states in pertinent part:

**COMMERCIAL LIABILITY UMBRELLA COVERAGE FORM**
…
**SECTION I – COVERAGES**
**COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**
**1. Insuring Agreement**
  **a.** We will pay on behalf of the insured the "ultimate net loss" in excess of the "retained limit" because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking damages for such "bodily injury" or "property damage" when the "underlying insurance" does not provide coverage or the limits of "underlying insurance" have been exhausted. When we have no duty to defend, we will have the right to defend, or to participate in the defense of, the insured against any other "suit" seeking damages to which this insurance may apply. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. At our discretion, we may investigate any "occurrence" that may involve this insurance and settle any resultant claim or "suit" for which we have the duty to defend. But:
   **(1)** The amount we will pay for the "ultimate net loss" is limited as described in Section III – Limits of Insurance; and
   **(2)** Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverage **A** or **B**.
  No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages **A** and **B**.
    …
**2. Exclusions**
  This insurance does not apply to:
  …

6

**c. Liquor Liability**[2]
   
   "Bodily injury" or "property damage" for which any insured may be held liable by reason of:
   
   **(1)** Causing or contributing to the intoxication of any person, including causing or contributing to the intoxication of any person because alcoholic beverages were permitted to be brought on your premises, for consumption on your premises;
   
   **(2)** The furnishing of alcoholic beverages to a person under the legal drinking age or under the influence of alcohol; or
   
   **(3)** Any statute, ordinance or regulation relating to the sale, gift, distribution or use of alcoholic beverages.
   
   This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in:
   
   **(a)** The supervision, hiring, employment, training or monitoring of others by that insured; or
   
   **(b)** Providing or failing to provide transportation with respect to any person that may be under the influence of alcohol;
   
   if the "occurrence" which caused the "bodily injury" or "property damage" involved that which is described in Paragraph (1), (2) or (3) above.
   
   This exclusion applies only if you:
   
   **(1)** Manufacture, sell or distribute alcoholic beverages;
   
   **(2)** Serve or furnish alcoholic beverages for a charge whether or not such activity:
   
   **(a)** Requires a license;
   
   **(b)** Is for the purpose of financial gain or livelihood;
   
   **(3)** Serve or furnish alcoholic beverages without a charge, if a license is required for such activity; or
   
   **(4)** Permit any person to bring any alcoholic beverages on your premises, for consumption on your premises.
   
   This exclusion does not apply to the extent that valid "underlying insurance" for the liquor liability risks described above exists or would have existed but for the exhaustion of underlying limits for "bodily injury" and "property damage". To the extent this exclusion does not apply, the insured provided under this Coverage Part for the liquor liability risks described above will follow the same provisions, exclusions and limitations that are contained in the applicable "underlying insurance", unless otherwise directed by this insurance.
   
   …

**SECTION V – DEFINITIONS**

…

**3.** "Bodily injury" means bodily injury, disability, sickness or disease sustained by a person, including death resulting from any of these at any time. "Bodily injury" includes mental anguish or other mental injury resulting from "bodily injury".

---

[2] As amended by Endorsement CU 21 13 04 13 Amendment of Liquor Liability Exclusion.

…
13. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

22. Pursuant to the above-referenced provisions of Plaintiff EMCASCO's Commercial General Liability Policy, and the facts alleged in the underlying complaint, Plaintiff EMCASCO contends and asserts that it has no duty to defend or indemnify Defendant Shriji, Inc. of Cleveland d/b/a Howard Johnson Inn on the basis that the underlying complaint alleges they caused bodily injury by reason of contributing to the intoxication of Charles T. Weston resulting in the assault and battery of Tyson Leamon.

23. Pursuant to the above-referenced provisions of Plaintiff Employers Mutual Casualty Company's Commercial Umbrella Policy, and the facts alleged in the underlying complaint, Plaintiff Employers Mutual Casualty Company contends and asserts that it has no duty to defend or indemnify Defendant Shriji, Inc. of Cleveland d/b/a Howard Johnson Inn on the basis that the underlying complaint alleges they caused bodily injury by reason of contributing to the intoxication of Charles T. Weston resulting in the assault and battery of Tyson Leamon.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray:

1. That process issue and be served upon the Defendants requiring each of them to answer this Complaint for Declaratory Judgment;

2. For a declaration of rights, obligations, and legal relations of the Plaintiffs and Defendants by reason of the aforesaid policy of insurance;

3. For a declaration that Plaintiffs are not obligated to furnish legal counsel or otherwise provide a defense on behalf of Defendant Shriji, Inc. of Cleveland d/b/a Howard Johnson Inn in the action filed by Tyson Leamon pending in the Bradley County Circuit Court;

4. For a declaration that Plaintiffs are not obligated to indemnify Defendant Shriji, Inc. of Cleveland d/b/a Howard Johnson Inn for damages that may be assessed against it in the action filed by Tyson Leamon pending in the Bradley County Circuit Court;

5. For the costs of this cause; and

6. For such other relief to which Plaintiffs may be entitled under the facts and circumstances of this cause.

Respectfully submitted,

RAINEY, KIZER, REVIERE & BELL, P.L.C.

By: s/ Jonathan D. Stewart
JONATHAN D. STEWART, BPR #023039
*Attorneys for Plaintiffs*
209 E. Main Street
P.O. Box 1147
Jackson, TN 38302‑1147
(731) 423‑2414
jstewart@raineykizer.com